Jayne Ann WOODS, Tennessee
Commissioner of Revenue,
Appellant-Defendant,

v.

George S. CAMPBELL and John P. Gaith-
er, Co-Executors of the Estate of Nell C.
Jeffords, Appellees-Plaintiffs.

Supreme Court of Tennessee.

July 9, 1979.

Everett H. Falk, Deputy Atty. Gen.,
Nashville, for appellant-defendant; William
M. Leech, Jr., Atty. Gen., of counsel.

John P. Gaither, Phil B. Whitaker, Chat-
tanooga, for appellees-plaintiffs.

## OPINION

HARBISON, Justice.

This action was instituted by the Executors of the estate of Mrs. Nell C. Jeffords to recover funds paid under protest under the Tennessee Estate Tax Law, T.C.A. §§ 30–1701 et seq. The Chancellor allowed recovery, and the Commissioner of Revenue has appealed. We sustain the assignments of error, reverse the judgment below and dismiss the suit.

The case involves the interplay between the Tennessee Inheritance Tax, T.C.A. §§ 30–1601 et seq., particularly the provisions with reference to credit for taxes on previous transfers, T.C.A. § 30–1612, and the state tax credit allowed against federal estate taxes, I.R.C. § 2011, together with the Tennessee estate or "pickup" tax, T.C.A. §§ 30–1701 et seq. It arises upon undisputed facts and presents a question of first impression in this state.

The husband of decedent, Warren C. Jeffords, died testate on February 2, 1972. He left a substantial estate, on which both federal and state death taxes were duly paid. Under the terms of his will an amount equal to one-half of his adjusted gross estate passed to his widow, Mrs. Nell C. Jeffords, whose estate is now under administration.

Mrs. Jeffords survived her husband only slightly more than two and one-half years, her death occurring on October 18, 1974.

The gross estate of Mrs. Jeffords was appraised for tax purposes at $6,294,953.74. The Tennessee inheritance tax on her estate, absent any credit for previously paid taxes, would have been $433,362.62.

Because the bulk of her estate consisted of assets received from her deceased husband, the estate of Mrs. Jeffords was entitled to and was allowed a credit against the Tennessee inheritance tax under the provisions of T.C.A. § 30–1612. The credit amounted to $432,271.54, leaving an inheritance tax liability of only $1,091.08.

The provisions of the inheritance tax statutes allowing the credit are as follows:

"If the gross estate include property upon the transfer of which to the decedent a tax was previously and within five (5) years, imposed by this state, or property which can be definitely identified as having been received by the decedent in exchange for property upon which a tax was so imposed, a credit on account of such tax actually so previously paid shall be allowed against the tax imposed with respect to the particular property, but not to exceed the amount of tax imposed with respect to the property on the present transfer, provided, however, that the burden of identification shall be upon the person claiming such credit.

"The five (5) year period shall be computed from the date of death of the prior decedent and not from the date of payment of such tax." T.C.A. § 30–1612.

█ This provision was contained in the present state inheritance tax law enacted by 1929 Tenn. Pub. Act, E.S., ch. 29.[1] It is an integral part of that law and is codified with it. It is not, nor has it ever been, part of the Tennessee estate, or "pickup," tax law, which was enacted in an entirely separate provision, 1929 Tenn. Pub. Act, E.S., ch. 23, and is codified separately and apart from the Inheritance Tax Law. There is no provision in the Tennessee Estate Tax Law regarding credit for inheritance taxes paid on a previous transfer. As hereinafter pointed out, the theory and purpose of the estate tax law are entirely separate and distinct from those of the inheritance tax law.[2]

1. For discussion and analysis of similar provisions under an earlier inheritance tax law, see Bank of Commerce & Trust Co. v. McLemore, 162 Tenn. 137, 35 S.W.2d 31 (1931); the earlier provisions, like those of earlier Internal Revenue Code sections, exempted the value of property previously taxed, rather than allowing credit for taxes previously paid. See C.

Lowndes, R. Kramer & J. McCord, Federal Estate and Gift Taxes, 610 (3d ed. 1974).

2. "It is well settled in this State that the Inheritance tax is a privilege tax on the privilege of receiving property from a decedent." McReynolds v. Tidwell, 488 S.W.2d 366, 369 (Tenn. 1972).

Since 1916 there has been imposed in the Internal Revenue Code a federal estate tax on property owned by citizens of the United States. Because of resentment among state governments at what was regarded as a federal intrusion into a traditional state source of revenue, since 1924 a credit has been allowed against federal estate tax obligations for death taxes paid to states on account of property taxable as part of the gross federal estate. For a history and discussion of this subject see the recent decision of the California Supreme Court in the case of *Estate of Fasken*, 19 Cal.3d 412, 138 Cal.Rptr. 276, 278–281, 563 P.2d 832, 834–37 (1977); *see also* C. Lowndes, R. Kramer & J. McCord, *Federal Estate and Gift Taxes* 584–89 (3d ed. 1974).

The credit allowed against the federal estate tax is authorized in I.R.C. § 2011. Its provisions are as follows:

"The tax imposed by section 2001 shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or the District of Columbia, in respect of any property included in the gross estate (*not including any such taxes paid with respect to the estate of a person other than the decedent*)." (Emphasis added.)

The amount of the credit is fixed in a schedule in the following paragraph. In the present case the maximum credit allowable to and claimed by the estate of Mrs. Jeffords for Tennessee death taxes was computed to be $429,206.85, against a gross federal estate tax liability of $2,642,438.25.

It will be noted that under the specific terms of I.R.C. § 2011, any state taxes paid with respect to the estate of a person other than the decedent are not eligible for the federal credit.[3] Therefore death taxes paid to the State of Tennessee with respect to the estate of Mrs. Jeffords' husband would not qualify for the federal credit. Yet they are the basis for the credit against inheritance taxes on Mrs. Jeffords' estate under

T.C.A. § 30–1612. It is this distinction which the Executors have not taken into account and which, in our opinion, is controlling.

The credit initially allowed for state taxes in the 1924 Revenue Act was increased in 1926. Because the state tax credit allowed under the federal statute often exceeded amounts actually payable to the states under existing legislation, most of the states, including Tennessee, enacted "pickup" taxes, calculated to assure the state its full share of the credit for state death taxes. As previously stated, the Tennessee Estate Tax Law was enacted in 1929. Making reference to the federal credit allowed for state death taxes, the Tennessee statute provides as follows:

"In addition to any inheritance, succession and/or estate tax or taxes imposed by the state of Tennessee under the authority of any other statute or statutes, a Tennessee estate tax is imposed for the exclusive use of the state upon the transfer of the Tennessee estate of every decedent, the amount of which Tennessee estate tax shall be equal to the extent, if any, of the excess of the credit over the aggregate of state taxes, payable by or out of the Tennessee estate of the decedent, or any part thereof; provided, however, that such Tennessee estate tax imposed shall in no case exceed the extent to which its payment will effect a saving or diminution in the amount of the federal estate tax, payable by or out of the estate of the decedent had this chapter not been enacted." T.C.A. § 30–1702.

■ It is apparent that the purpose of this statute was to divert to state revenue funds which otherwise would have been payable to the United States Government under the federal estate tax law and to assure that the state received the maximum amount allowable as credit to a decedent's estate under the federal statute.

3. In like manner, federal estate taxes paid with respect to another decedent do not qualify for the Tennessee inheritance tax credit under T.C.A. § 30–1612, which applies only to taxes

previously "imposed by this state." Credit for previously paid federal, death taxes is allowed against the federal estate tax under I.R.C. § 2013, which is not involved in this case.

In the present case the inheritance tax liability of Mrs. Jeffords' estate was only $1,091.08 by reason of credit allowed for taxes previously paid upon her husband's death. The maximum credit available to and allowed this estate against federal estate taxes was $429,206.85. Accordingly the Tennessee Department of Revenue assessed a Tennessee estate tax against the estate in the amount of the difference, $428,115.77, together with accrued interest.

The Executors denied that any Tennessee estate tax was due or that the local estate tax law had any application to decedent's estate. Their theory was that the inheritance tax liability of the estate was actually $433,362.62 and that this tax was "paid," partly in cash and partly by application of the credit for previous taxes. They insisted that the Tennessee inheritance tax liability exceeded the federal estate tax credit, so that the pickup tax was not activated. Basic to this contention, of course, was the claim that the Tennessee inheritance tax credit amounted to a state tax "actually paid" to the state *with respect to this decedent's estate*, so as to entitle the estate to the federal tax credit under I.R.C. § 2011.

The state disagreed with the taxpayer's contention. The taxpayer thereupon paid the Tennessee estate tax under protest. Obtaining a receipt from the state for the full amount of the combined state death taxes, the Executors then apparently claimed and were allowed maximum credit against the federal taxes under § 2011 of the Internal Revenue Code. They then filed the present suit, seeking to recover the Tennessee estate tax paid under protest, upon the theory that its exaction violated the provisions of T.C.A. § 30–1612.

█ The Chancellor allowed recovery, but, as we have previously stated, we are of the opinion that this conclusion was in error. We have already pointed out that the credit for taxes on prior transfers is provided for in the inheritance tax law, not in the

state "pickup" taxing statute.[4] The latter statute expressly incorporates the terms and provisions of the Internal Revenue Code. *See* T.C.A. § 30–1712. As quoted previously, the Internal Revenue Code allows credit against federal taxes only for state death taxes "actually paid" to any state. It does not allow credit for taxes paid with respect to the estate of any person other than the decedent. Regulations issued pursuant to § 2011 make it clear that the District Director of Internal Revenue may require from the proper officer of a taxing state evidence of the total amount of state death taxes imposed, the amount of any discount allowed, and the total amount actually paid to the state in cash. Treas. Reg. § 20.2011–1(c)(2).

█ There are a number of cases construing § 2011 for federal tax purposes. These make it clear that only the net amount actually paid to the state can be claimed as a credit against the federal tax, so that any discount or other allowance made by the state is not allowed in computing the credit. *See Commonwealth Trust Co. of Pittsburg v. Driscoll*, 50 F.Supp. 949 (W.D.Pa.1943), *aff'd*, 137 F.2d 653 (3rd Cir. 1943), *cert. denied*, 321 U.S. 764, 64 S.Ct. 521, 88 L.Ed. 1061 (1944); *Smith v. Commissioner*, 59 F.2d 533 (7th Cir. 1932); *J. B. Lewis, The Estate Tax* § 18.2 (4th ed. 1979).

There are provisions in both the federal and state statutes allowing for the reopening of estates and adjusting for changes made in the state tax credit. *See* I.R.C. § 2016; Tenn. Code Ann. §§ 30–1706 *et seq.* Contrary to the contentions of the Executors in this case, there is no statute of limitations against the federal government in such cases. If an estate obtains from a state a refund of death taxes for which credit was claimed against federal estate taxes, the Treasury must be notified and any additional federal tax paid. *See* I.R.C. §§ 2016, 6501.

---

4. This is not to suggest that previously paid Tennessee estate taxes would not qualify for the inheritance tax credit under T.C.A. § 30–1612. That is not the issue presented in this case. The parties are not in dispute over the amount of the credit due to the estate against inheritance taxes or as to the computation of that credit.

Accordingly if the taxpayer's position in the present case were sustained, and if the taxpayer were allowed to recover from Tennessee the estate taxes paid under protest, there would be a corresponding increase in the federal estate tax liability and a complete frustration of the theory and purpose of the Tennessee estate tax statute. The taxpayer, in no sense, can claim a "double" credit, so as to avoid paying either the maximum federal estate tax or a federal tax reduced by payment of the Tennessee estate tax.

A similar contention of a taxpayer was presented in the case of *In re Estate of Callaway*, 263 Cal.App.2d 795, 69 Cal.Rptr. 921 (1968). In that case the court held that a credit for previously paid taxes did not operate as a credit against the state's pickup tax. It said:

"Respondent contends that section 14071 relieves this estate from all liability or obligation to pay either the ordinary state inheritance tax or the section 13441 pickup tax on those assets distributed to the Class A transferee. However, the application of a statutory construction consistent with the acknowledged legislative intent to preserve for the state the benefit under the correlated state and federal statutes refutes this contention and reconciles the apparent conflict in the statutory language upon which the Executor's position is founded.

"Obviously, the Legislature did not intend, by extending the prior transfer credit (Rev. & Tax. Code, § 14071), to defeat its purpose to receive the maximum pickup tax (Rev. & Tax. Code, § 13441)." 263 Cal.App.2d at 799, 69 Cal. Rptr. at 923.

In their brief, the Executors insist that a "credit" against a tax can, under some circumstances, amount to or be equated with "payment" of the tax. This, of course, may be true in particular circumstances or contexts. However, we are unable to sustain their contention that the inheritance tax credit involved in the present case, based upon taxes paid in connection with another estate, operates to diminish the Tennessee estate tax liability. Rather, since the taxpayer is taking advantage of the maximum credit allowed to the estate under federal taxing statutes, thereby reducing its federal taxes, it must pay to the state the local estate tax as provided in T.C.A. §§ 30–1701 *et seq.*

The judgment of the Chancellor is reversed and the suit is dismissed at the cost of appellees.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.