[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT
The issue in this case is whether General Statutes § 12-391 (a) allows a credit for the succession tax against the estate tax when the succession tax liability has been satisfied by a credit, and not by an actual payment of the tax.
Both the plaintiff and the defendant agree that there are no material facts in issue in this case, and both move for summary judgment in their favor. The following facts are not in dispute. The decedent, Lauren E. Meyers, Jr., died on January 25, 2000, domiciled in Madison, Connecticut. Approximately four months prior to his death, Meyers made gifts to his son and daughter, thereby incurring a Connecticut gift tax liability in the amount of $26,511. A gift tax return was filed with the defendant, Commissioner of Revenue Services (Commissioner), with a payment of $26,511. The plaintiff, John W. Barnett, executor of the Meyers estate, filed a succession tax return, which included the gifts made by the decedent as part of the gross estate, showing a total succession tax due of $17,185.81. The $17,185.81 succession tax due was fully satisfied by applying the credit under General Statutes § 12-648 for gift tax paid on a gift includable in the gross estate. The plaintiff filed a Connecticut estate tax return showing an estate tax due of $97,192.11. The plaintiff applied a credit of $17,185.81 to this amount and remitted a total of $80,006.30 for estate tax to the Commissioner. The Commissioner assessed a $17,185.81 deficiency in the amount of the estate tax paid, plus interest. The plaintiff filed an application for hearing on determination of the estate tax with the probate court in Madison, claiming that the Commissioner had incorrectly assessed a $17,185.81 CT Page 10298 balance due for the estate tax. The probate court denied the application and this appeal followed.
General Statutes § 12-648 permits an estate to offset the payment of a succession tax by the prior payment of a gift tax by the decedent made in contemplation of death. Since the gift tax payment of $26,511 exceeded the amount due for the succession tax, the gift tax became a full credit against the succession tax, and therefore the balance of the succession tax was zero. General Statutes § 12-391 (a) provides that the amount of estate tax shall be reduced, but not below zero, by the amount of any succession tax that is actually paid to the state.
The Commissioner claims that the plaintiff cannot deduct the succession tax of $17,185.81 because the $17,185.81 amount was not "actually paid" but rather was derived from a credit allowed from the payment of the gift tax. The plaintiff contends that the statutory interaction between the estate tax, the succession tax and the gift tax must be interpreted to allow the credit against the succession tax for the gift tax paid to be treated as an actual payment of the succession tax.
When considering the meaning of a statute, we resort to long standing rules and principles of statutory construction. "`[O]ur fundamental objective is to ascertain and give effect to the intent of the legislature. . . . In determining the intent of a statute, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter.'" State v. Vickers,260 Conn. 219, 223-24, 796 A.2d 502 (2002), quoting Tighe v. Berlin,259 Conn. 83, 89, 788 A.2d 40 (2002).
General Statutes § 12-340 recites in part: "A tax is imposed, under the conditions and subject to the exemptions and limitations hereinafter prescribed, upon transfers, in trust or otherwise, of . . . property or any interest therein or income therefrom . . . Section 12-648 recites: "A credit shall be allowed against the tax imposed under chapter 216 [succession tax] in the amount of any tax imposed and paid under the §§ 12-640 to 12-649, inclusive, with respect to a gift includable in the gross taxable estate of the donor under said chapter 216."
Section 12-391, the estate tax, recites in pertinent part: "A tax is imposed upon the transfer of the estate of each person who at the time of death was a resident of this state. The amount of the tax shall be the amount of the federal credit allowable for estate, inheritance, legacy and succession taxes paid to any state or the District of Columbia under the provision of the federal internal revenue code in force at the date CT Page 10299 of such decedent's death in respect to any property owned by such decedent or subject to such taxes as part of or in connection with the estate of such decedent. . . . The amount of any estate tax that is imposed under this subsection shall also be reduced, but not below zero, by the amount of any [succession] tax that is imposed. . . . and that is actually paid to this state."
26 U.S.C. § 2011 (a) recites: "The tax imposed by section 2001 [the federal estate tax] shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or the District of Columbia, in respect of any property included in the gross estate (not including any such taxes paid with respect to the estate of a person other than the decedent.)"
The Connecticut estate tax statute "does no more than to divert into the state treasury what would otherwise be taken by the federal government as a part of the federal estate tax." New York Trust Co. v.Doubleday, 144 Conn. 134, 145, 128 A.2d 192 (1956). The distinction between a succession or inheritance tax and an estate tax is that a succession tax is imposed on the right or privilege of receiving property by the beneficiary, measured by the value of the beneficiary's share, whereas an estate tax is a tax on the decedent's estate merely for the privilege of the decedent to dispose of his or her property on death. The estate tax is measured by the value of the estate. Hellerstein 
Hellerstein, State Taxation, ¶ 21.02 [1] (3d ed. 2002). "[T]he theory and purpose of the estate tax law are entirely separate and distinct from those of the inheritance tax law." Woods v. Campbell, 584 S.W.2d 451, 452
(Tenn. 1979). Under the plaintiff's claim, the payment of the gift tax would be credited to the inheritance tax and again credited to the estate tax as an apparent double use of a tax credit against the imposition of two distinctly different taxes. The plaintiff does not see this transaction as a double use of a gift tax credit, but rather as a proper construction of the words "actually paid" in § 12-391. In the plaintiff's view, the allowance of the gift tax credit against the succession tax without allowing the reduction of the succession tax by the gift tax credit would be to irrationally take away a benefit intended to be given by the legislature. As the plaintiff notes, the legislature did not define "actually paid" in § 12-391. With no statutory definition of "actually paid," the burden is on the plaintiff to establish his clear and unambiguous right to the deduction, since deductions from the payment of taxes are a matter of legislative grace.Berkley v. Gavin, 253 Conn. 761, 778, 756 A.2d 248 (2000).
The legislature recognized a duplication of taxes by first imposing a CT Page 10300 gift tax on the transfer of property, and then subsequently requiring the value of that gift to be included in the gross estate of the decedent for the purpose of the imposition of the succession tax under § 12-340. Instead of voiding the gift tax imposed on a gift made in contemplation of death, the legislature simply gave the estate credit for the payment of the gift tax against the imposition of the succession tax under §12-648.
We find it telling that the legislature specifically permitted the gift tax to be used as a credit against the succession tax, but made no mention of the gift tax being used as a credit against the imposition of the estate tax. We also note the similar treatment of a gift tax on the federal level under 26 U.S.C. § 2012, which credits the payment of a gift tax on property of the decedent to be specifically included in the decedent's gross taxable estate, for federal estate tax purposes under26 U.S.C. § 2001. Where 26 U.S.C. § 2011 and General Statutes § 12-391 provide for tax credits for estate, inheritance, legacy, and succession taxes paid to any state or the District of Columbia, and separately provide for a tax credit of gift taxes paid on property included in the decedent's gross taxable estate, we see a bright line in the legislative enactments, both on the federal and state level, giving very specific descriptions of what may be credited against death taxes. Additionally, both 26 U.S.C. § 2011 and General Statutes § 12-391, which provide credits against their respective estate taxes, require these credits to be "actually paid." We cannot assume that where the legislature specifically provided a credit against a succession tax, it would leave to conjecture the question of whether this same tax could be used again as a credit against the estate tax. "The legislature is presumed to be aware and to have knowledge of all existing statutes and the effect which its own action or non-action may have on them. . . . Further, we must presume that when the legislature uses different language, the legislature intends a different meaning of one statute from the other." (Citations omitted; internal quotation marks omitted.) Statev. Denson, 67 Conn. App. 803, 811, 789 A.2d 1075, cert. denied,260 Conn. 915, 797 A.2d 514 (2002). 26 U.S.C. § 2011 only allows a credit to states for estate, inheritance, legacy, or succession taxes actually paid, not gift taxes. As noted in New York Trust Co. v.Doubleday, supra, 144 Conn. 145, the Connecticut estate tax statute "incorporates within itself the provisions of the federal estate tax statute governing the computation of the federal estate tax, including all of the provisions of the latter statute for exemptions and deductions."
We note that in In re Callaway's Estate, 69 Cal.Rptr. 921,263 Cal.App.2d 795 (Cal.App. 2d Dist. 1968), the court considered the use of the inheritance tax imposed on a prior estate of a mother, which was CT Page 10301 carried forward to her daughter's estate by a statute permitting the carry forward of the inheritance tax as a credit against successive estates occurring within five years of the first death. The court held that the inheritance taxes paid on the prior estate could not be credited against the federal estate tax provided under 26 U.S.C. § 2011
because the prior transfer did not qualify as a state death tax "actually paid." "In order to obtain the state death tax credit, the taxpayer must demonstrate that he has indeed paid to the state the amount claimed on his federal estate tax return or he forfeits the federal credit." Id., 800-01. Similarly, in First National Bank Trust Co. v. United States,787 F.2d 1393 (10th Cir. 1986), the decedent died within one year of making a gift of property to her children resulting in a gift tax obligation. Since the gift was made in contemplation of death, the value of the gift was included in the estate for the purposes of calculating the state death taxes and the federal estate taxes. The court noted that although a gift tax had not been paid prior to the death of the decedent, the state properly applied the estate tax rate, not the gift tax rate, to the amount of the gift included within the gross taxable estate. The court in First National Bank Trust Co. concluded that the estate was not entitled to deduct the amount of gift tax ostensibly paid by the estate as a federal estate tax deduction under26 U.S.C. § 2053 (c)(1)(B), which provides that estate, succession, legacy, or inheritance taxes shall not be deductible from the gross taxable estate for the purpose of imposing the federal estate tax. Id., 1394-95. As we have previously noted, 26 U.S.C. § 2011 and General Statutes § 12-391 track the same language as to what payment of other taxes may be used as a credit against either the federal or state estate taxes. Both of these statutes provide for a credit only as to the payment of any estate, inheritance, legacy, or succession taxes "actually paid" with no provision for the deduction of gift taxes paid either before or after the death of the decedent-donor.
Although it appears that our legislature recognized that the character of the gift tax made on property included with the gross taxable estate of a decedent changed from a tax on a gift to a tax on the estate, the legislature chose to treat the transaction as a completed gift and to allow the payment of the gift tax to be used, not as a payment of the estate tax, but as a credit against the payment of the Connecticut succession tax. The distinction here is that our legislature treats the payment of the gift tax as a gift tax and not as a conversion to an estate tax. Under this analysis, the credit of the gift tax against the payment of a succession tax results in only one credit, and therefore cannot be used as a second credit against the Connecticut estate tax because the gift tax credit cannot be considered to have been "actually paid." When the gift tax in this case was applied as a credit to the succession tax, the resulting succession tax was zero, and, therefore, there was no CT Page 10302 succession tax "actually paid" to affect the payment due on the estate tax.
Accordingly, the plaintiff's motion for summary judgment is denied. The Commissioner's motion for summary judgment is granted. Judgment shall enter in favor of the Commissioner, dismissing the plaintiff's appeal, without costs to either party.
 Arnold W. Aronson Judge Trial Referee