### SCHWEPPE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11818.

Circuit Court of Appeals, Ninth Circuit.
May 18, 1948.

Gibson, Dunn & Crutcher, J. C. Macfarland, Elmo H. Conley and Bert A. Lewis, all of Los Angeles, Cal. for petitioner.

Theron LaMar Caudle, Asst. Atty. Gen., and Sewall Key, Lee A. Jackson, Robert M. Weston and Arthur L. Jacobs, Sp. Assts. to Atty. Gen., for respondent.

Before HEALY, BONE and ORR, Circuit Judges.

### PER CURIAM.

Petitioner seeks review of a decision of the Tax Court. The facts may be briefly summarized as follows: In the year 1913 petitioner's mother loaned $400,000 to the Van Nuys Building Company, a family corporation then owned one-half by the mother and one-sixth by each of her three children, which loan was evidenced by a three year note bearing 5% interest per year, secured by an unrecorded mortgage. Between 1915 and 1920 the mother told her children at various times that she did not intend to collect on the note and in 1923 she died in possession of the note without having referred to it in her will. The company paid the interest on the note through 1922 but never paid any amount on the principal.

Upon the mother's federal estate tax return being filed, the commissioner determined a deficiency based on a $400,000 value of the note; the executor brought an action against the company on the note in a state court, which sustained the defense of the statute of limitations (four years in this case); in a subsequent suit by the executor against the commissioner for refund, the federal district court independently held the note not includible at any value in the estate.

In 1924 the company eliminated its record liability on the note and transferred the $400,000 to "surplus paid in" account. The next action respecting this amount was in 1938 when the company increased its stated capital, transferring the amount to "stated capital," then reduced the capital by the same amount, transferring it to "reduction surplus," thereby making it available for distribution to stockholders under state law. In 1940 and 1941 petitioner received distributions from this

account, the taxability of which are here in question.

Petitioner contended that the distributions were not taxable dividends within the meaning of Section 115(a), Internal Revenue Code 26 U.S.C.A.Int.Rev.Code, § 115(a), because not made out of corporate "earnings or profits"; rather, that the distributions should be applied to reduce the adjusted basis of petitioner's stock in accordance with Section 115(d), Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 115(d).

The sole issue before the Tax Court was whether or not the distributions in question were paid out of earnings or profits of the company and hence taxable as dividends. The Tax Court answered this inquiry affirmatively, sustaining the position of respondent. The findings of fact and opinion of the Tax Court are reported in 8 T. C. 1224.

Whether a certain distribution was out of earnings or profits or not, has been treated on occasion as a question of fact. Bazley v. Commissioner, 3 Cir., 155 F.2d 237, 240, 241, and Adams v. Commissioner, 3 Cir., 155 F.2d 246, 248, both cases affirmed in Bazley v. Commissioner, 331 U.S. 737, 67 S.Ct. 1489, 91 L.Ed. 1782. We need not and we do not hold that here the question was a purely factual one. In our view the instant case presents mixed questions of law and fact upon which the Tax Court has announced no rule of general applicability, and the probative facts, though undisputed, were susceptible of conflicting inferences—in such a case, whatever doubts we independently might entertain, the course which we must follow has been repeatedly prescribed. Wilmington Co. v. Helvering, 316 U.S. 164, 167, 168, 62 S.Ct. 984, 86 L.Ed. 1352; Dobson v. Commissioner, 320 U.S. 489, 501, 502, 64 S.Ct. 239, 88 L.Ed. 248; Commissioner of Internal Revenue v. Scottish American Inv. Co., 323 U.S. 119, 124, 65 S.Ct. 169, 89 L.Ed. 113; Commissioner of Internal Revenue v. Estate of Bedford, 325 U.S. 283, 292, 65 S.Ct. 1157, 89 L.Ed. 1611; Trust of Bingham v. Commissioner, 325 U.S. 365, 370, 65 S.Ct. 1232, 89 L.Ed. 1670, 163 A.L.R. 1175; John Kelley Co. v. Commissioner, 326 U.S. 521, 527, 529, 66 S.Ct. 299, 90 L.Ed. 278; Commissioner of Internal Revenue v. Rainier Brewing Co., 9 Cir., 165 F.2d 217, rehearing denied 9 Cir., 166 F.2d 324.

The decision of the Tax Court is affirmed.