The ESTATE of Grace E. LANG, Deceased.

Richard E. LANG, Executor, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nos. 76–1353, 76–1543.

United States Court of Appeals, Ninth Circuit.

Feb. 19, 1980.

Robert A. Bernstein, Washington, D. C., for Com'r of Internal Revenue.

George W. Steers, Jones, Grey & Bayley, Seattle, Wash., for Lang Estate.

Before WRIGHT and GOODWIN, Circuit Judges, and MURRAY, Senior District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

The Tax Court held that (1) family loans on which the statute of limitations had run were gifts subject to gift taxes; (2) a penalty should be assessed for the lender's failure to file gift tax returns; and (3) state gift taxes were deductible from the gross estate as a "claim against the estate." The taxpayer appealed the gift tax and penalty rulings, while the Commissioner appealed the estate tax ruling.

We hold that the Tax Court erred on the penalty issue but correctly decided the other issues. Our jurisdiction to review Tax Court decisions derives from 26 U.S.C. § 7482 (1976).[1]

---

* Of the District of Montana.

1. We decide both appeals on the merits even though the taxpayer's appeal was filed on the 101st day after the Tax Court's decision. Under 26 U.S.C. § 7483 (1976), a party must file an appeal within 90 days or a counter appeal within 120 days of a Tax Court decision.

The Commissioner has moved to dismiss the taxpayer's appeal, claiming that the court lacks jurisdiction because the appeal was untimely. The Commissioner asserts that, although the taxpayer would have had 120 days to cross-appeal the estate tax decision, it had only 90 days to appeal the gift tax decision.

This matter has arisen because the case below was a consolidation of two separate cases, one involving gift tax issues and the other involving estate tax issues. The consolidated case had one record, and the Tax Court wrote an opinion covering both the estate tax and the gift tax issues. Nevertheless, the Tax Court later issued two "Decisions" rather than one. These incorporated the respective gift tax and estate tax calculations made pursuant to the opinion.

Neither § 7483 nor prior Ninth Circuit cases interpreting that statute directly address the problem of a consolidated case for which two "decisions" have been published. Among the factors we have taken into consideration in our application of § 7483 to this novel situation are these: (1) The Tax Court's opinion did not anticipate two decisions. Rather, it concluded with the order that "*Decision* will be entered under Rule 155" (emphasis added). (2) The issuance of two "decisions" was specifically requested by the Commissioner. (3) The Com-

## FACTS

All facts were stipulated. Mrs. Grace Lang, a Seattle resident, died testate in June 1968. Her estate tax return was filed in September 1969. In 1972 the Commissioner made two additional claims against her estate ("taxpayer").

■ The first claim was for gift taxes owing. Mrs. Lang had made two interest-free loans to her son Howard in 1962 and 1963. He failed to repay them, and the state statute of limitations ran on them in 1965 and 1966. The Commissioner claimed that, by allowing the statute to run, Mrs. Lang effectively gave the amount of the loans to her son and his wife. Mrs. Lang had not filed federal gift tax returns in either 1965 or 1966. As a result, the Commissioner assessed not only a gift tax deficiency but a penalty against the estate.

The Commissioner's second claim was for estate taxes owing. Two weeks before her death, Mrs. Lang created an irrevocable trust for the benefit of her children. Federal and state gift taxes on the gift were not paid until after her death. Under Washington law, the state gift taxes could be credited against state inheritance taxes.

On its federal estate tax return, the taxpayer claimed a credit for the state inheritance taxes and two unpaid-debt deductions for the federal and state gift taxes. The Commissioner disallowed the deduction for the state gift taxes. He contended that, because they were credited against state inheritance taxes, they actually were inheri-

tance taxes. Under I.R.C. § 2053(c)(1)(B), state death taxes cannot be deducted as unpaid claims against the estate.

On the gift tax issue, the Tax Court ruled that the loans were gifts and that taxes and penalties were owing. On the estate tax issue, the Tax Court held that the state gift taxes did not become state inheritance taxes and therefore were deductible as an unpaid debt.

## DISCUSSION

### The Standard of Review

"[T]he findings of the Tax Court will not be disturbed unless clear error appears. And the burden is on the taxpayer [i. e., the appellant] to show such clear error." *Estate of Meyer v. Commissioner*, 503 F.2d 556, 557 (9th Cir. 1974), quoting *Factor v. Commissioner*, 281 F.2d 100, 109 (9th Cir. 1960), *cert. denied*, 364 U.S. 933, 81 S.Ct. 380, 5 L.Ed.2d 365 (1961). "Factual inferences from undisputed facts" also will not be set aside unless clearly erroneous. *Paxton v. Commissioner*, 520 F.2d 923, 925 (9th Cir.), *cert. denied*, 423 U.S. 1016, 96 S.Ct. 450, 46 L.Ed.2d 389 (1975).

### Gift Tax Issues

1. *The Loans As Gifts.*

I.R.C. § 2501 provides for a tax on the transfer of property by gift. I.R.C. § 2511(a) states that "the tax imposed by section 2501 shall apply whether . . . the gift is direct or indirect." [2]

---

missioner waited until the 88th day to file his estate tax appeal, perhaps deliberately in order to preclude the taxpayer from responding with an appeal of the gift tax issues. (4) The two "decisions" were issued as a paired set on the same day. (5) Except for the separate "decisions," this case has been treated as a single proceeding in all other respects.

Because the two decisions derive from the same opinion, we do not find that one of them became final and appealable after 90 days when an appeal had been taken from the other before that time. Further appeals of either decision would have been precluded only after 120 days.

To deny the taxpayer the opportunity to appeal the gift tax issues in this consolidated case, while permitting the Commissioner to

pursue his appeal of the estate tax issues decided in the same opinion, would appear unjust, for the taxpayer's appeal was filed within the extra thirty days that § 7483 gives to "any other party" to the proceeding once one party has filed an appeal. Therefore, we deny the Commissioner's motion to dismiss.

2. The complete text of I.R.C. § 2511(a) reads:

Subject to the limitations contained in this chapter, the tax imposed by section 2501 shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; but in the case of a nonresident not a citizen of the United States, shall apply to a transfer only if

Treas.Reg. § 25.2511–1 (1958) explains the gift tax in greater detail. Subsection (a) of that Regulation says that "a taxable transfer may be effected by . . . the forgiving of a debt," and subsection (c) provides that "all transactions whereby property or property rights or interests are gratuitously passed or conferred upon another, regardless of the means or device employed, constitute gifts subject to tax."

Subsection (g)(1) further defines a gift for gift tax purposes:

Donative intent on the part of the transferor is not an essential element in the application of the gift tax to the transfer. The application of the tax is based on the objective facts of the transfer and the circumstances under which it is made, rather than on the subjective motives of the donor . . . . The gift tax is not applicable to a transfer for a full and adequate consideration in money or money's worth, or to ordinary business transactions [defined in Treas.Reg. § 25.-2512–8 as transactions which are bona fide, at arm's length, and free from any donative intent].

In *Commissioner v. Wemyss*, 324 U.S. 303, 306, 65 S.Ct. 652, 654, 89 L.Ed. 958 (1945), the Supreme Court reiterated that donative intent is not an essential element of a taxable gift.

The taxpayer contends that the loans could not be gifts under those definitions because the running of the statute of limitations is a "nonevent" and not the equivalent of a "transfer of property," or even the forgiveness of a debt. It asserts that the running of the statute does not extinguish a debt but merely creates an affirmative defense in a collection suit. If the debtor does not assert the defense, the creditor can still collect the debt.

The running of the statute of limitations, however, accomplishes much more than the taxpayer suggests. It serves to transfer control of a debt to the debtor at the end of the statutory period. Thereafter, it is the debtor rather than the creditor who decides whether and under what terms loaned funds will be repaid.[3] *Cf. Smith v. Shaughnessy*, 318 U.S. 176, 181, 63 S.Ct. 545, 547, 87 L.Ed. 690 (1943) ("The essence of a [taxable] gift by trust is the abandonment of control over the property put in trust.") That control is transferred by a statutory mechanism rather than an overt donative gesture is not significant. "Indirect" gifts are as subject to the gift tax as are "direct" gifts. I.R.C. § 2511(a); Treas.Reg. § 25.-2511–1(c) (1958).

The taxpayer also argues that the Tax Court erred in its assessment of the facts and circumstances of the transfer. The Tax Court presumed that, because the loan was to a family member, Mrs. Lang knowingly allowed the statute of limitations to run. It cited *Heringer v. Commissioner*, 235 F.2d 149 (9th Cir.), *cert. denied*, 352 U.S. 927, 77 S.Ct. 225, 1 L.Ed.2d 162 (1956), as authority for the presumption. In that case, parents transferred their property to a corporation and issued 60% of the corporate stock to their children. This court said that "[t]he family context of the transactions created a presumption of gift," *id.* at 151, and held that gift taxes were due.

A number of other factors support the presumption of a gift in this case. First, although Howard borrowed substantial sums from his mother on five occasions between 1962 and 1967, he repaid none of the loans. Second, prior to her death, Mrs. Lang expressly forgave portions of two of the loans. Then, in her will, she forgave all of Howard's remaining debts. Finally, these loans were not typical business loans, for they bore no interest.

In light of the above, the Tax Court did not err in inferring that Mrs. Lang allowed the statute of limitations to run and there-

---

the property is situated within the United States.

**3.** The Tax Court has previously held that loans on which the statute of limitations has run are not includible in a decedent's gross estate because they are uncollectible. *Estate of Beggs v. Comm'r*, 13 T.C. 131, 136–37 (1949).

by implicitly forgave the debts.[4] *Paxton v. Commissioner, supra.* Further, we note that this finding of donative intent on the part of Mrs. Lang was not essential to the Tax Court's ultimate finding of a taxable gift. *Commissioner v. Wemyss, supra.*

Finally, the taxpayer contends that the Tax Court erred in not relying on *Securities Co. v. United States*, 85 F.Supp. 532 (S.D.N.Y.1948), and *Schweppe v. Commissioner*, 8 T.C. 1224 (1947), aff'd, 168 F.2d 284 (9th Cir. 1948). Both cases held that the running of the statute of limitations did not transform a loan into a gift. These cases are not controlling here because they pertain to income tax rather than gift tax. A gift is defined differently for purposes of income tax than for purposes of gift tax. *See Commissioner v. Duberstein*, 363 U.S. 278, 284, 80 S.Ct. 1190, 1196, 4 L.Ed.2d 1218 (1960); *Hamberg v. Commissioner*, 400 F.2d 435, 438 (9th Cir. 1968).

We conclude that the Tax Court did not err in finding that, under I.R.C. § 2511, these loans became gifts subject to gift taxation when the statute of limitations ran on them.

## 2. The Penalty.

■ I.R.C. § 6651(a) provides for a penalty of up to 25% of the tax due for failure to file a required return, unless that failure is "due to reasonable cause and not due to willful neglect." "Reasonable cause" is "the exercise of ordinary business care and prudence." Treas.Reg. § 301.6651–1(c)(1) (1971). The taxpayer bears the burden of proof as to reasonable cause. *Ferrando v. United States*, 245 F.2d 582, 587 (9th Cir. 1957).

The Tax Court upheld the penalty because the taxpayer failed to introduce evidence that the failure to file was due to reasonable cause. The taxpayer asserts on appeal that the circumstances of the case "speak for themselves."

We agree. In 1965 and 1966, income tax law indicated that loans on which the statute of limitations had run did not become gifts. *Securities Co. v. United States, supra; Schweppe v. Commissioner, supra.* In the absence of any gift tax cases on point it was not unreasonable for Mrs. Lang to believe that her loans did not become gifts and that therefore she owed no gift tax on their transfer. *Cf. Matter of I. J. Knight Realty Corp.*, 431 F.Supp. 946, 958 (E.D.Pa. 1977) (taxpayer's failure to file a timely return was reasonable because the law on its income tax liability was uncertain at the time the tax was due).

The Tax Court's finding that the penalties under § 6651(a) were justified was clearly erroneous. We reverse on this issue and hold that no penalties are warranted.

## Estate Tax Issues

■ Mrs. Lang made a gift in trust shortly before her death. The gift was deemed to be "in contemplation of death" and its failure was therefore required to be included in her gross estate. Because the trust property was included in the estate, RCW 83.16.060[5] allowed the state gift taxes on the trust to be credited against state inheritance taxes.

In its federal estate tax return, the taxpayer relied on I.R.C. § 2011[6] to claim a

---

4. The taxpayer asserts that, because Mrs. Lang had died, it had no way of proving she did not intend to allow the statute of limitations to run. Nevertheless, other parties might have testified at least as to whether Mrs. Lang ever made informal attempts to collect the debts.

5. RCW 83.16.060 provides:
   In case any gift tax has been imposed upon any gift by the state of Washington under any gift tax act, and the property which was the subject of the gift is required to be included, upon the death of the donor, as a part of his estate, then there shall be credited against

and applied in reduction of the inheritance taxes which would otherwise be chargeable against the heirs and the estate of such decedent an amount equal to the principal of the tax paid with respect to such gift.

6. I.R.C. § 2011(a) authorizes the credit:
   The tax imposed by section 2001 shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or territory in the District of Columbia, in respect of any property included in the gross estate (not including

credit for the amount of the state inheritance taxes. It also relied on I.R.C. § 2053(a)(3) [7] and Treas.Reg. § 20.2053–6(d) (1958) [8] to claim deductions for the state and federal gift taxes that resulted from the creation of the trust but had not been paid by the date of Mrs. Lang's death.

The Commissioner, however, disallowed the deduction for the unpaid state gift taxes. He asserted that, when a state gift tax is credited against state inheritance taxes, in essence it becomes an inheritance tax. I.R.C. § 2053(c)(1)(B) [9] specifically precludes the deduction of "any estate, succession, legacy, or inheritance taxes" as "claims against the estate."

The primary question on this appeal is whether a state gift tax can become a state inheritance tax for federal estate tax purposes. [10]

### 1. The Language of RCW 83.16.060.

The Commissioner claims that RCW 83.16.060 creates a "hybrid" which is in part like a gift tax and in part like an inheritance tax, and that it is for the federal taxing agency to decide how to treat it for federal tax purposes. The taxpayer, on the other hand, asserts that there are no ambiguities because the statute clearly refers to a gift tax.

The Commissioner focuses on what the statute accomplishes. When a gift made before death has nevertheless become includible in the gross estate, the statute allows the previously imposed gift tax to "replace" part of the assessed inheritance tax in order to avoid double taxation. The taxpayer's view, however, derives from a closer reading of the words of the statute. The statute clearly refers to two separate taxes: a gift tax and an inheritance tax. The former can be applied as a credit toward, but does not thereby become, the latter.

Adoption of the Commissioner's view would require this court to read the statute as saying that the gift tax is converted into an inheritance tax when the gift tax property is included in the estate. For two reasons, we are unwilling to read such language into the statute. [11]

First, there was a gift made and a gift tax assessed. Had a gift tax return not been filed, gift tax penalties and interest would have accrued. To transform the gift tax into an inheritance tax at the moment it is used as a credit could certainly lead to confusion. For example, a taxpayer could question whether he should even file a gift tax return if he believed death was imminent.

Second, RCW 83.16.060 was drafted specifically to cover situations where a once-taxed item has been included in the gross estate. That is, its drafters knew the factual settings in which it would be applied. Had they intended to change the character of the underlying taxable property, they

---

any such taxes paid with respect to the estate of a person other than the decedent).

**7.** I.R.C. § 2053(a) provides:

For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—
(1) for funeral expenses,
(2) for administrative expenses,
(3) for claims against the estate, and
(4) for unpaid mortgages on, or any indebtedness in respect of, property where the value of the decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

**8.** Treas.Reg. § 20.2053–6(d) provides in relevant part: "Unpaid gift taxes on gifts made by a decedent before his death are deductible."

**9.** I.R.C. § 2053(c)(1)(B) provides:

Any income taxes on income received after the death of the decedent, or property taxes not accrued before his death, or any estate, succession, legacy, or inheritance taxes, shall not be deductible under this section.

**10.** The Commissioner did not challenge the taxpayer's claim of a credit for the state inheritance taxes paid. Consequently, we do not decide whether the credit was properly claimed.

**11.** RCW 83.16.060 has not been interpreted by Washington courts.

could have done so explicitly. Although "the gift and estate tax laws are closely related and the gift tax serves to supplement the estate tax," *Smith v. Shaughnessy, supra*, 318 U.S. at 179, 63 S.Ct. at 546, the two taxes have been separately defined in both state and federal law, and a reference to one, taken on its face, cannot mean the other.

### 2. The Weight of Rev.Rul. 71–355.

The Commissioner contends that the Tax Court erred in not deferring to Rev.Rul. 71–355, 1971–2 C.B. 334. That ruling would allow no unpaid debt deduction from the gross estate for state gift taxes paid after death and creditable against state death taxes. The Tax Court, citing *Stubbs, Overbeck & Assoc. v. United States*, 445 F.2d 1142 (5th Cir. 1971), dismissed the ruling as "simply the contention of one of the parties."

In *Gino v. Commissioner*, 538 F.2d 833 (9th Cir.), *cert. denied*, 429 U.S. 979, 97 S.Ct. 490, 50 L.Ed.2d 587 (1976), this court indicated that it would give added weight to an established revenue ruling that fell "within [the Commissioner's] authority to implement the congressional mandate in some reasonable manner." *Id.* at 835, quoting *United States v. Correll*, 389 U.S. 299, 306–07, 88 S.Ct. 445, 449, 19 L.Ed.2d 537 (1967).

Rev.Rul. 71–355, however, is not comparable to the ruling involved in *Gino*. First, it was not a ruling of long-standing but was promulgated during the audit of Mrs. Lang's estate tax return. Second, the ruling is not reasonable, for it contradicts I.R.C. § 2053(a)(3), which allows a deduction for "claims against the estate," and Treas. Reg. § 20.2053–6(d), which explains that such claims can include "unpaid gift taxes."

There is no indication in the legislative history that Congress intended any different treatment for state gift taxes that are creditable against state inheritance taxes. As already discussed, neither is there support for the view that a state gift tax becomes a state death tax when credited against it.

The Tax Court properly declined to defer to an unreasonable ruling. *See Conway County Farmers Ass'n v. United States*, 588 F.2d 592, 600 (8th Cir. 1978); *Investment Annuity, Inc. v. Blumenthal*, 442 F.Supp. 681, 688–92 (D.D.C.1977).

Affirmed in part; reversed in part.