FIRST NATIONAL BANK AND TRUST COMPANY OF TULSA, John Burch Mayo and Margery Mayo Feagin, Co-Executors of the Estate of Lillian C. Mayo, Deceased, Plaintiffs-Appellees,

v.

UNITED STATES of America, Defendant-Appellant.

No. 84–1781.

United States Court of Appeals, Tenth Circuit.

March 31, 1986.

Robert A. Bernstein, Atty. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Atty., and George L. Hastings, Jr., Atty., Tax Div., Dept. of Justice, Washington, D.C., and Layn R. Phillips, U.S. Atty. for the N.D. of Okl., of counsel, with him on briefs), Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellant.

Katherine G. Coyle (J. Denny Moffett, with her on brief), of Conner & Winters, Tulsa, Okl., for plaintiffs-appellees.

Before McKAY, MOORE and TACHA, Circuit Judges.

McKAY, Circuit Judge.

Mrs. Lillian Mayo gave property to her children in 1973, and, as a result, incurred an obligation of $32,193.90 in Oklahoma state gift taxes. Mrs. Mayo died less than one year later without having paid these taxes. Because her gift was made less than one year before her death, the gift property was included in her gross estate for purposes of calculating both state death taxes and federal estate taxes.

After Mrs. Mayo's death but before her estate filed either the state death tax return or the federal estate tax return, her executors paid the $32,193.90. Although this payment was ostensibly a payment of a gift tax, the Oklahoma Tax Commission, in assessing state death taxes, treated it as an advance payment of state death taxes. The Commission calculated state death taxes due exclusively on the basis of the state death tax statute and then allowed a credit against those state death taxes of $32,-193.90. Mrs. Mayo's estate paid, in addition to the $32,193.90, a sum of $120,239.08 in state death taxes. Thus, the total state death taxes calculated by the Oklahoma Tax Commission and paid by Mrs. Mayo's estate were in the sum of $152,332.98.

In calculating the federal estate taxes due, the IRS allowed the estate a tax credit for state death taxes paid in the amount of $152,332.98, reduced to the statutory maximum amount allowable. The estate filed a claim for a refund, contending it was entitled also to a deduction for the $32,193.90

ostensibly paid as a gift tax. The issue before us is simply whether the estate is entitled to a federal estate tax credit and a federal estate tax deduction for the $32,-193.90 it paid to Oklahoma.

It is clear that the estate was entitled to a credit for the entire sum of $152,332.98, reduced to the statutory maximum amount allowable. Internal Revenue Code § 2011(a) provides: "The tax imposed by section 2001 shall be credited with the amount of any estate, inheritance, legacy or succession taxes actually paid to any State ... in respect of any property included in the gross estate...." This entire sum was calculated based on the Oklahoma death tax rate. The gift tax rates were not used in calculating the obligations due Oklahoma with respect to any property included in Mrs. Mayo's gross estate.

The analytical mischief lies not in the treatment of the res (all parties agree that the gift property as well as the remainder properly were included in Mrs. Mayo's state and federal estates), but rather in the treatment of the state gift tax obligation due but later defeated and supplanted by a death tax based on the whole of Mrs. Mayo's estate, including the gift property. *See Estate of Lang v. Commissioner*, 613 F.2d 770 (9th Cir.1980); *Horton v. United States*, 79–2 U.S.T.C. ¶ 13.316 (M.D.N.C. 1979). The mischief can be and should have been avoided by a clear understanding of the nature of the gift tax in relation to the estate tax. The payment of a gift tax on gift property can best be understood by analogy to a contingent payment. If death occurs within one year of the gift, the gift tax payment loses its gift tax character and becomes instead a credit against the the-due-and-owing state death taxes. If, as in the present case, the gift taxes are not paid before death and death occurs within one year, the nature of the tax reported on the gift tax return is a defeasible obligation which is extinguished upon the death. Thus, when death occurs within a year after making a gift, payment of the contingent gift tax is converted into a credit against death taxes due the state. If the gift tax remains unpaid on the date of

death, the obligation to pay the tax as a gift tax is defeated and the only obligation due the state on that date is payment of death taxes based on both the gifted property and the remainder.

The fortuitous payment of the amount of the $32,193.90 was, in the conception of the law, nothing more than an installment on the yet-to-be-calculated state death taxes. Indeed, that is exactly how Oklahoma treated the payment when it gave the estate a credit in the exact amount of the purported gift taxes paid after the death of Mrs. Mayo.

Thus understood, the $32,193.90 shown on Mrs. Mayo's gift tax return ceased to be an obligation of the estate instantly upon her death. It can then be seen that I.R.C. § 2053(a)(3), relied upon by the estate, has no applicability to the $32,193.90. That section provides:

(a) General Rule.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

. . . . .

(3) for claims against the estate....

Following this analysis, it becomes a simple matter to give full force and effect to I.R.C. § 2053(c)(1)(B), which provides: "[A]ny estate, succession, legacy, or inheritance taxes, shall not be deductible under this section."

It was a failure to regard a payment of gift taxes as contingent and an unfulfilled obligation to pay them as defeasible that led to the erroneous decisions in *Lang, supra*, and *Horton, supra*. In *Lang*, a gift was made less than one year before the death but the taxes ostensibly due for that gift remained unpaid at the time the federal estate tax was calculated. Under the state law applicable to that case, the state death taxes were assessed on both the gift property and the remainder in the decedent's estate at the time of her death. Just as in the present case, the state gave a credit against the state death taxes for the gift tax paid posthumously. The Ninth

Circuit erroneously relied on the label "gift tax" applied to the tax payment in concluding that that sum was a "claim against the estate." 613 F.2d at 775–76. Had the unpaid gift taxes been, in fact, a gift tax obligation of the estate, the state would have applied two tax rates in order to determine the amount due. However, as in our case, the state used only the death tax rate, applying it to both the gift property and the remainder in the estate, and allowed a credit in full against the death taxes for the amount paid between the date of death and the filing of the estate tax return. The failure to recognize that the gift tax obligation was extinguished when death occurred within one year of the gift led the Ninth Circuit to the anomolous result of, in effect, granting a double advantage for a single amount of money paid or owing to the state.[1] The fact of the matter is that both in *Lang* and in the instant case the state assessed a single tax based on the death tax rates for both the gift and the remainder property. I.R.C. § 2053(c)(1)(B) explicitly forbids a deduction for such "estate, succession, legacy, or inheritance taxes...."[2]

Because of the erroneous analysis and result in *Lang,* the court in *Horton, supra,* treated state gift taxes paid *before* death on property given less than one year before death as excludable from the estate. However, properly understood, that payment was contingent and creditable against state death taxes due.

Had the courts in *Lang* and *Horton* understood that all state gift taxes are either defeasible (if owing) or contingent (if paid), they would not have led taxpayers and tax collectors into either the anomalous position of a double advantage for a single item or the contorted analysis necessary to avoid that unauthorized result.[3]

We conclude that the estate of Mrs. Mayo is entitled to a credit in the full amount of the $152,332.98 reduced to the maximum allowable amount of $146,394.80. Mrs. Mayo's estate is not entitled to any deduction for the $32,193.90 ostensibly paid as gift taxes.

REVERSED AND REMANDED.

---

1. The court actually ducked this issue by saying it didn't deal with it. 613 F.2d at 775 n. 10. The result, however, is the same.

2. Because *Lang* came down during the proceedings of this suit, the Internal Revenue Service, applying the erroneous conclusion of *Lang,* changed its position and said the ostensible gift tax payment was deductible under I.R.C. § 2053(a), but did not qualify for a credit under I.R.C. § 2011.

3. While we may be appearing to split the circuits, the issue in this case is an anomoly which will not arise again due to the 1976 Tax Reform Act which unifies estate and gift taxes.