**Emmett J. DOERR, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 86–2067.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 8, 1987.

Decided May 14, 1987.

As Amended May 14, 1987.

---

Dale L. Sorden, Quarles & Brady, Milwaukee, Wis., for plaintiff-appellant.

Roger M. Olsen, Asst. U.S. Atty. Gen., Michael L. Paup, Chief, James H. Love, Ann B. Durney, Attys., Appellate Section, Tax Div. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before FLAUM and MANION, Circuit Judges, and PARSONS, Senior District Judge.*

MANION, Circuit Judge.

Emmett J. Doerr appeals from the district court's order holding that his payment of a disproportionate share of a joint and several obligation constituted a taxable gift to his co-obligors to the extent that his payment exceeded his proportionate share. For the reasons set forth below, we affirm.

I

In 1976, Emmett J. Doerr made substantial gifts to six donees. These gifts were subject to both federal and Wisconsin gift taxes. Doerr timely filed the required federal gift tax returns and timely paid the entire federal gift tax. Doerr also timely filed his Wisconsin gift tax returns and timely paid the entire Wisconsin gift tax on the six gifts. The Internal Revenue Service (IRS) determined that one-half of the Wisconsin tax payment on each gift was an additional gift to each donee and assessed Doerr additional federal gift taxes.

Unlike the federal gift tax statute, which places responsibility for paying the tax on the donor, *see* 26 U.S.C. § 2502(c), the Wisconsin gift tax statute imposes the tax upon both the donor and the donee and imposes joint and several liability upon the donor and the donee if the tax is not timely paid. Wis.Stat.Ann. § 72.85(2), (3) (West Cum.Supp.1986).[1] If one person pays the

---

* The Honorable James B. Parsons, Senior District Judge for the Northern District of Illinois, is sitting by designation.

1. Wis.Stat.Ann. § 72.85 (West Cum.Supp.1986), provides in relevant part:

    **(2) Filing.** By April 15 of each year, the donor and the donee of any transfers during the preceding year must, if the aggregate gift value exceeds $10,000, report the transfers and pay the tax to the department. These reports shall disclose all information required on the report form. Gift tax reports and the payment of the tax shall be considered timely made if both are received by the department within five days of April 15 in a properly addressed envelope with 1st class postage duly prepaid, postmarked before midnight of April 15.

    **(3) Payment; interest; penalty.** If the tax imposed is not timely paid, interest shall be charged and collected on the tax due at the rate of 12 per cent per year from the date due until it is paid. In addition, if the tax return is not timely filed, a penalty of 5 per cent of the tax is imposed. If the tax is not paid by the due date, the donee and the donor are jointly and severally liable for this tax, penalty and interest. If one person pays the tax, there is no right of contribution unless the person paying reserves it in writing on the filed tax return.

tax, the statute implicitly provides that he or she may bring a claim for contribution against his or her co-obligor. *See* Wis.Stat. Ann. § 72.85(3) (West Cum.Supp.1986). There is no right to contribution, however, unless a person reserves the right to contribution in writing on his or her return. Wis.Stat.Ann. § 72.85(3) (West Cum.Supp. 1986). Doerr did not reserve his right to contribution on his Wisconsin gift tax returns.

Because Doerr paid the entire Wisconsin tax on the gifts, the IRS assessed $54,-184.30 in additional federal gift taxes against him. The IRS based this additional assessment upon the premise that Doerr's payment of the entire Wisconsin gift tax constituted a gift to the donees to the extent his payment exceeded his own proportionate share of the taxes due.[2] Doerr paid the assessed amount plus interest and then filed an administrative claim for refund.

When Doerr failed to receive notice of allowance or disallowance of his claim for refund within six months after he filed his claim, he brought suit for a refund under 28 U.S.C. § 1346(a)(1). After Doerr and the government filed cross-motions for summary judgment, the district court granted summary judgment in favor of the government. The sole issue this appeal raises is whether Doerr's payment of the entire Wisconsin gift tax, without reserving a right of contribution against the donees, constituted a taxable gift to the extent his payment exceeded his proportionate share of that obligation.

## II

The federal gift tax statute imposes a tax upon "the transfer of property by

gift." 26 U.S.C. § 2501. This tax applies "whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible...." 26 U.S.C. § 2511. The Supreme Court has broadly construed these basic provisions of the federal gift tax statute to effectuate the Congressional intent to "reach all gratuitous transfers of any valuable interest in property." *See Dickman v. Commissioner*, 465 U.S. 330, 334, 104 S.Ct. 1086, 1089, 79 L.Ed.2d 343 (1984); *see also Commissioner v. Wemyss*, 324 U.S. 303, 306, 65 S.Ct. 652, 654, 89 L.Ed. 958 (1945) ("Congress intended to use the term 'gifts' in its broadest and most comprehensive sense").

■ Under the broad language of the Code, when a person bestows an economic benefit upon another individual by gratuitously releasing a valuable right as against that individual, the release of that right constitutes a "transfer of property by gift." For example, in *Estate of Lang v. Commissioner*, 613 F.2d 770 (9th Cir.1980), the Ninth Circuit held that a mother transferred property by gift to her son when she allowed the statute of limitations to run on the collection of loans to her son. The taxpayer (the mother's estate) argued that allowing the limitations period to run did not constitute a gift because the expiration of the limitations period did not extinguish the debts, but merely created an affirmative defense to a collection suit. The Ninth Circuit rejected that argument, stating:

[t]he running of the limitations period, however, accomplishes much more than

---

**2.** The Wisconsin gift tax statute does not expressly set forth the proportionate share of the tax owed by donors and donees. Rather, the statute simply states that the "donor and donee" must "report the transfers and pay the tax." *See* Wis.Stat.Ann. § 72.85(2) (West Cum.Supp.1986). While it appears that the tax payment for each gift is meant to be split equally between the donor and the donee, we need not address that question. The parties in the present matter both contend that, if Doerr's payment of the entire tax is to be considered a gift for a portion of the payment, it is a gift to the extent the payment exceeded one-half of the tax on each gift.

We also note that the parties have treated Doerr's timely payment of the tax as the payment of a joint and several liability even though, under the literal terms of the statute, joint and several liability is imposed only if the tax is not timely paid. Although we believe that the joint and several nature of Doerr's liability does not turn on when the tax was paid, we do not reach that question. Rather, because neither party raised that question before us, our decision is based on the assumption that under Wisconsin law Doerr's payment of the tax constituted the payment of a joint and several obligation.

the taxpayer suggests. It serves to transfer control of a debt to the debtor at the end of the statutory period. Thereafter, it is the debtor rather than the creditor who decides whether and under what terms loaned funds will be repaid. *Cf. Smith v. Shaughnessy,* 318 U.S. 176, 181, 63 S.Ct. 545, 547, 87 L.Ed. 690 (1943) ("the essence of a [taxable] gift by trust is the abandonment of control over the property put in trust.") That control is transferred by a statutory mechanism rather than an overt donative gesture is not significant. 'Indirect' gifts are subject to the gift tax as are 'direct' gifts.

613 F.2d at 773 (footnote omitted); *see also* Treas.Reg. § 25.2511–1(a) (forgiveness of debt constitutes a transfer of property by gift).

Similarly, in *Jewett v. Commissioner,* 455 U.S. 305, 102 S.Ct. 1082, 71 L.Ed.2d 170 (1982), the Supreme Court held that a taxpayer's belated disclaimer of a contingency interest in a testamentary trust constituted a taxable gift to his children, who took the disclaimed interest under an alternative testamentary provision. In so holding, the Court stated that the broad statutory language encompassed such an indirect transfer of property. *Id.* at 310, 102 S.Ct. at 1086. The Court also noted that taxing the disclaimer was fully consistent with the basic purpose of the federal gift tax scheme, which is to prevent the avoidance of estate taxes through the *inter vivos* transfer of property. *Id.*

■ The Code's broad language leaves Doerr with little room to argue that his waiver of the right to seek contribution from the donees was not a taxable gift. By paying the entire Wisconsin gift tax while at the same time foreclosing any right to recover through a claim for contribution, Doerr extinguished the liabilities of the donees at the expense of his taxable estate. His actions had the same practical effect as if he had simply given the donees

cash to pay their proportionate share of the Wisconsin gift tax obligation. His net worth was decreased by an amount equal to the donees' proportionate share of the tax while the donees' net worth was increased by the same amount. The fact that Doerr achieved this result without physically transferring money to the donees is irrelevant. The federal gift tax applies to all "transfers of property by gift" regardless of whether the transfer is achieved directly or indirectly. *See* 26 U.S.C. § 2511.

Despite the Code's broad language and the practical effect of his actions, Doerr argues that the imposition of the additional gift tax is barred by Treasury Regulation § 25.2511–1(d), which provides in pertinent part:

"If a joint income tax return is filed by a husband and a wife for a taxable year, the payment by one spouse of all or part of the income tax liability for such year is not treated as resulting in a transfer that is subject to gift tax. The same rule is applicable to payment of gift tax ... in the case of a husband and wife who have consented to have the gifts made considered as made half by each of them in accordance with the provisions of section 2513."[3]

Although seemingly inapplicable to his case, Doerr argues that Treasury Regulation § 25.2511–1(d) constitutes a blanket exemption from the gift tax for any person who gratuitously pays off a disproportionate share of a joint and several liability. Doerr perceives no difference between the spousal joint and several obligations specifically addressed in Treasury Regulation § 25.2511–1(d) and all other joint and several obligations. He thus asserts that Treasury Regulation § 25.2511–1(d) must apply to all joint and several obligations because it can be valid only if it is viewed as an interpretation of the Code that treats all similarly situated taxpayers equally. Oth-

---

**3.** The Code provisions addressed in Treasury Regulation § 25.2511–1(d) impose joint and several liability upon spouses who elect to take advantage of the favorable tax treatment afforded spouses under those provisions. 26 U.S.C. § 6013 imposes joint and several liability on spouses who elect to file a joint income tax return. 26 U.S.C. § 2513 imposes joint and several liability upon spouses who "gift split": that is, treat a gift made by one spouse as if it had been made one-half by each.

erwise, he contends, the Commissioner of Internal Revenue has, by regulatory fiat, impermissibly amended the gift tax statute to create an exemption for married taxpayers.

Doerr also argues that his sweeping interpretation of Treasury Regulation § 25.2511–1(d) has received Congressional approval and thus has the force of law. According to Doerr, Treasury Regulation § 25.2511–1(d) was promulgated nearly forty years ago in response to the creation of the spousal joint and several obligations. From this historical premise he leaps to conclude that the Congressional acceptance of Treasury Regulation § 25.2511–1(d) constitutes Congressional recognition that the payment of a disproportionate share of a joint and several obligation is not a transfer of property by gift.

■ Although Doerr's arguments are creative, we conclude that Treasury Regulation § 25.2511–1(d) has no applicability beyond the spousal provisions mentioned in the regulation. Doerr's entire argument rests upon the flawed premise that there is no difference between spousal joint and several liabilities mentioned in Treasury Regulation § 25.2511–1(d) and his joint and several liabilities under Wisconsin law. There is, however, a very significant difference.

Unlike the taxation of Doerr's payments under Wisconsin law, the taxation of the payment of these spousal joint and several liabilities would be inconsistent with the federal tax scheme. Under 26 U.S.C. § 6013 and 26 U.S.C. § 2513 Congress granted married taxpayers specific statutory preferences: the ability to file joint returns and to "gift split." These preferences were created to correct the inequitable tax laws that allowed married residents of community property states to be taxed at a much lower rate than married residents of common-law states. S.Rep. No. 1013, 80th Cong., 2d Sess., *reprinted in* 1948 U.S.Code Cong.Serv. 1163, 1184–1191; H.Rep. No. 1274, 80th Cong., 2d Sess., *reprinted in* 1948 U.S.Code Cong.

Serv. 1258, 1270–72. This was accomplished by allowing all taxpayers to elect to divide their incomes and gifts in approximately the same manner that income and gifts were already divided in community property states. *Id.* If persons electing to take advantage of these provisions were subject to additional taxation based on the payment of the original tax by one spouse, the Congressional intent to ensure equality of taxation would be frustrated.

In light of this difference we reject Doerr's contention that Treasury Regulation § 25.2511–1(d) is valid only if it is construed to apply to all joint and several liabilities. 26 U.S.C. § 7805(a) empowers the Secretary of the Treasury or his delegate to "prescribe all needful rules and regulations," and the courts will defer to such regulations if they reasonably implement the provisions of the Code. *See Gehl Co. v. Commissioner,* 795 F.2d 1324, 1328 (7th Cir.1986). By specifically excluding the payment of liabilities incurred under the joint return and "gift-splitting" provisions from the application of the gift tax, Treasury Regulation § 25.2511–1(d) is fully consistent with the intent of Congress to equalize the federal tax burdens of married taxpayers. As such, it constitutes a reasonable implementation of the Congressional mandate.

■ Doerr's argument that his sweeping "interpretation" of Treasury Regulation § 25.2511–1(d) has received Congressional approval is equally without merit. Although longstanding administrative interpretations applied to a substantially re-enacted statute are deemed to have received Congressional approval and have the effect of law, the courts will not infer Congressional approval unless there is a "settled and consistent administrative practice." *See Commissioner v. Estate of Noel,* 380 U.S. 678, 681–82, 85 S.Ct. 1238, 1240, 14 L.Ed.2d 159 (1965); *see also Helvering v. R.J. Reynolds Tobacco Co.,* 306 U.S. 110, 114–16, 59 S.Ct. 423, 425–26, 83 L.Ed. 536 (1939). Doerr is unable to show any "settled and consistent administrative prac-

tice." We are not aware of, nor has Doerr cited, any regulation, case or administrative determination that has ever applied Treasury Regulation § 25.2511–1(d) outside of the specific spousal provisions addressed in the regulation. To the extent we may infer Congressional approval, that approval would be limited only to those spousal provisions.

Furthermore, Doerr's argument misses the mark in another, more fundamental way. Treasury Regulation § 25.2511–1(d) was promulgated soon after Congress created spousal joint and several liabilities under the federal tax laws. Other joint and several liabilities, however, were in existence long before Congress placed any joint and several liabilities into the federal tax laws. If Treasury Regulation § 25.2511–1(d) was intended to exempt all joint and several liabilities, it would have been drafted to exempt all joint and several liabilities. Instead, it was plainly and unambiguously drafted to address only the unique problem presented by the creation of spousal joint and several liabilities.

### III

In conclusion, we hold that Doerr's payment of the entire Wisconsin tax on his gifts, without reserving the right of contribution from the donees, constituted a gift to the extent his payment exceeded his proportionate share of the tax. We recognize that our decision rests upon a narrower ground than the district court's decision, which stated that Doerr's failure to reserve his right to contribution was irrelevant to his gift tax liability. Because it is undisputed that the right to contribution was not reserved, however, we need not address that question. Rather, our holding is limited to the present facts where Doerr effectuated a transfer of property by gift by gratuitously extinguishing other individuals' obligations without reserving the right to seek payment from them. Accordingly, the judgment of the district court is

AFFIRMED.